UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

T<span>ERRY</span> L. P<span>ETERSON</span>,  )
    *Plaintiff*,  )
                            )
  *vs*.  )     1:14-cv-477-JMS-DKL
                            )
D<span>AVOL</span>, I<span>NC</span>., *a subsidiary of C.R. Bard, Inc.*,  )
    *Defendant*.  )
                            )

**ORDER TO FILE JOINT JURISDICTIONAL STATEMENT**

On March 27, 2014, Defendant Davol, Inc. ("Davol"), removed this case from state to federal court, alleging that this Court can exercise diversity jurisdiction over Plaintiff Terry L. Peterson's claims. [Filing No. 1.] Although 30 days has passed since the notice of removal, Ms. Peterson has not filed a statement pursuant to Local Rule 81-1.

Accordingly, the Court **ORDERS** the parties to conduct whatever investigation is necessary and file a **joint jurisdictional statement** by **May 14, 2014**, specifically setting forth the citizenship of each party and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. If the parties cannot agree on the contents of a joint statement, competing statements are due by that date. The parties are reminded that when pleading Ms. Peterson's citizenship, residency and citizenship are not the same, and it is citizenship that matters for purposes of diversity jurisdiction. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Moreover, because Davol is an incorporated entity, the parties must plead the state of

incorporation and principal place of business of Davol, not its parent corporation,[1] unless an exception to that general rule exists. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business).

**Distribution via ECF only:**

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Larry W. Pleasants
LARRY PLEASANTS, PROFESSIONAL CORPORATION, ATTORNEY
lwpleasants@sbcglobal.net

---

[1] In its Notice of Removal, Davol pleads the principal place of business of its parent corporation C.R. Bard, Inc. [Filing No. 1 at 2.] "A subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business; and, accordingly, may possess dual citizenship if such place is located in a different state from that in which it is chartered." *Chicago Dist. Council of Carpenters Welfare Fund v. Caremark RX, Inc.*, 2005 WL 1950668 (N.D. Ill. 2005). Davol has not alleged that an exception to the general rule exists. *Id.*